UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

--------------------------------------------------------------- x

SAMUEL WILKINS,

                             Plaintiff,

      -against-

CITY OF STAMFORD, et al.,

                        Defendants.

--------------------------------------------------------------- x

:
:
:
:
:
:
:
:
:
:
:
:

**MEMORANDUM &
ORDER GRANTING
MOTION TO DISMISS**

3:24-CV-00556 (VDO)

**VERNON D. OLIVER**, United States District Judge:

Plaintiff Samuel Wilkens brings a claim of malicious prosecution under 42 U.S.C. § 1983 against the City of Stamford, Stamford Police Department, Police Officer Costello, Police Officer Presti, Police Officer Canning, and Sergeant Petrizzi. The City of Stamford (the "City") moves to dismiss the claim against it under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

For the reasons set forth below, the Court **grants** the City's motion to dismiss.

## I.    <u>BACKGROUND</u>

The Court accepts as true the factual allegations in the Complaint (ECF No. 1) and draws all reasonable inference in Plaintiff's favor for the purpose of deciding the City's motion.

On or about March 7, 2017, Deasha Thomas, who is not a party to this action, physically attacked Plaintiff and inflicted harm on herself. (Compl. ¶ 8.) At the time, she was Plaintiff's girlfriend. (*Id.*) Later that month, Defendants arrested Plaintiff, who was charged with criminal mischief or assault. (*Id.* ¶ 9.) In Plaintiff's view, Defendants knew that Ms. Thomas was "falsely implicat[ing]" Plaintiff in a "false domestic violence charge[.]" (*Id.* ¶ 8.) Defendants

may even have admitted as much to Plaintiff. (*Id*.) Indeed, Ms. Thomas had made false accusations against Plaintiff to Defendant Stamford Police Department in the past. (*Id*. ¶ 11.)

Throughout the prosecution, not only did Defendants fabricate evidence that inculpated Plaintiff, but they also concealed exculpatory evidence, including evidence that Ms. Thomas' wounds were self-inflicted. (*Id*.) Plaintiff alleges that the prosecution was "part and parcel" of an unconstitutional municipally implemented plan, decision, custom. (*Id*.) Ultimately, the Stamford criminal court dismissed the charges on or around July 2021. (*Id*. ¶ 9.)

Plaintiff filed this action on April 2, 2024. (*See* Compl.) The City moved to dismiss the complaint on May 9, 2024, but failed to move for a prefiling conference first, as required by the Court's individual rules. (ECF No. 13.) The Court therefore terminated the motion to dismiss. (ECF No. 16.) Then, after receiving leave from the Court, the City refiled its motion to dismiss on July 3, 2024. (Def. Mot., ECF No. 22.) Plaintiff opposed the motion that same day. (Pl. Opp., ECF No. 23.)

## II.  <u>LEGAL STANDARD</u>

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ray v. Watnick*, 688 F. App'x 41, 41 (2d Cir. 2017) (quoting *Iqbal*, 556 U.S. at 678).

In deciding a motion to dismiss, the Court must accept the well-pleaded factual allegations of the complaint as true and draw all reasonable inferences in the plaintiff's favor. *See Warren v. Colvin*, 744 F.3d 841, 843 (2d Cir. 2014). The Court must then determine

whether those allegations "plausibly give rise to an entitlement to relief." *Hayden v. Paterson*, 594 F.3d 150, 161 (2d Cir. 2010). The Court is not required to accept as true "conclusory allegations or legal conclusions masquerading as factual conclusions." *Rolon v. Henneman*, 517 F.3d 140, 149 (2d. Cir. 2008) (internal quotation marks omitted).

## III.   <u>DISCUSION</u>

The City of Stamford asks this Court to dismiss Plaintiff's claim against it pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. The City contends that Plaintiff has failed to make out a *prima facie* case for municipal liability under Section 1983, as related to the malicious prosecution claim. (Def. Mem., ECF No. 22-1, at 3.) This Court agrees.

A municipality cannot be held liable "*solely* because it employs a tortfeasor[.]" *Monell v. Dep't of Soc. Servs. of New York*, 436 U.S. 658, 691 (1978). Instead, it may be sued under § 1983 "when execution of [the local] government's policy or custom . . . inflicts the injury[.]" *Id*. at 694. In the Second Circuit, a plaintiff bringing a *Monell* claim against a municipality must establish: "(1) an official policy or custom that (2) causes the plaintiff to be subjected to (3) a denial of a constitutional right." *Wray v. City of New York*, 490 F.3d 189, 195 (2d Cir. 2007). A plaintiff satisfies the first element by showing one of the following: "(1) a formal policy officially endorsed by the municipality; (2) actions or decisions made by municipal officials with decision-making authority; (3) a practice so persistent and widespread that it constitutes a custom of which policymakers must have been aware; or (4) a failure by policymakers to properly train or supervise their subordinates, such that the policymakers exercised 'deliberate indifference' to the rights of the plaintiff and others encountering those subordinates." *McLennon v. City of New York*, 171 F. Supp. 3d 69, 94 (E.D.N.Y. 2016) (collecting cases).

Plaintiff fails to clear any of the hurdles required to sufficiently plead a *Monell* claim. First, he makes little attempt to show a formal policy endorsed by the municipality. A plaintiff bringing a § 1983 claim need not meet a "heightened pleading requirement," *see Leatherman v. Tarrant Cnty. Narcotics Intel. & Coordination Unit,* 507 U.S. 163, 168 (1993), but he may not rely solely on "naked assertion[s] devoid of further factual enhancement." *Iqbal,* 556 U.S. at 678 (alteration in original) (internal quotation marks omitted); *see Green v. City of Mount Vernon*, 96 F. Supp. 3d 263, 302 (S.D.N.Y. 2015). "Boilerplate language echoing the requirements contained in *Monell* will not survive a motion to dismiss and [a p]laintiff must provide detailed factual allegations showing the existence of these alleged policies." *Barnes v. City of New York*, No. 18-CV-7119 (AJN), 2020 WL 6947424, at *7 (S.D.N.Y. Nov. 25, 2020), *aff'd in part, vacated in part, remanded*, 68 F.4th 123 (2d Cir. 2023) (cleaned up) (quoting *Green,* 96 F. Supp. 3d at 302). Thus, to show a formal policy at this stage in the litigation, a plaintiff must allege "facts tending to support, at least circumstantially, an inference that such a municipal policy or custom exists." *Montero v. City of Yonkers*, 890 F.3d 386, 403 (2d Cir. 2018) (citing *Dwares v. City of New York,* 985 F.2d 94, 100 (2d Cir. 1993)). "[E]xplicit factual allegations" must support any such inference. *Fanelli v. Town of Harrison*, 46 F. Supp. 2d 254, 258 (S.D.N.Y. 1999).

In his Complaint, Plaintiff alleges that the Stamford Police Department "acted pursuant to a municipality implemented [sic] plan, decision, custom, rule, regulation and/or usage, and each act of wrongdoing herein after alleged . . . was committed pursuant to a municipality implemented, [sic] policy, statement, ordinance, regulation, and/or decision[.]" (Compl. ¶ 3.) Plaintiff also states that the malicious prosecution was "part and parcel, [sic] of an unconstitutional municipality implemented plan, decision, custom and/or long standing [sic]

usage[.]" (*Id.* ¶ 11.) Plaintiff does not, however, allege any facts to support even a circumstantial inference that the City had an unconstitutional custom or policy, such as, "for example identifying procedural manuals or training guides or by highlighting particular aspects of police training or supervision." *Triano v. Town of Harrison*, 895 F. Supp. 2d 526, 540 (S.D.N.Y. 2012) (cleaned up). In fact, Plaintiff does not even explain the very nature of the alleged policy. Plaintiff cannot make out a *Monell* claim through the "mere assertion that a [municipal] custom or policy exists[.]" *Massari v. Ryerse*, No. 23-CV-446 (MJR), 2024 WL 2116827, at *4 (W.D.N.Y. Mar. 28, 2024); *see Green*, 96 F. Supp. 3d at 302–03 (finding that a complaint containing "quintessentially boilerplate language echoing the requirements contained in *Monell*" was insufficient to establish the existence of an actionable municipal policy); *Riccio v. Town of Old Saybrook*, No. 21-CV-821 (SVN), 2022 WL 4585650, at *3 (D. Conn. Sept. 29, 2022).

Next, Plaintiff fails to show that the actions of a policymaking official created a policy that violated his constitutional rights. Indeed, Plaintiff makes no mention of policymaking officials or their conduct in the Complaint. The Court can only conclude that he has not shown a policy through "actions or decisions made by municipal officials with decision-making authority." *McLennon*, 171 F. Supp. 3d at 94; *see also Wilson v. Cnty. of Ulster*, No. 20-CV-00104 (TJM), 2022 WL 813958, at *14 (N.D.N.Y. Mar. 17, 2022) ("Plaintiff has not asserted in other than conclusory fashion that a municipal policy maker was involved in the lone remaining alleged constitutional violation[.]").

In the same vein, Plaintiff does not establish a practice "of municipal officials . . . so persistent or widespread as to constitute a custom or usage with the force of law." *Littlejohn v. City of New York*, 795 F.3d 297, 315 (2d Cir. 2015) (quoting *Patterson v. Cnty. of Oneida*, 375

F.3d 206, 226 (2d Cir. 2004)). To establish a *de facto* policy through a widespread practice, a plaintiff must "show that the policymaker was aware of a subordinate's unconstitutional actions, and consciously chose to ignore them, effectively ratifying the actions." *Amnesty Am. v. Town of West Hartford*, 361 F.3d 113, 126 (2d Cir. 2004) (citing *Sorlucco v. N.Y.C. Police Dep't*, 971 F.2d 864, 870–71 (2d Cir. 1992)). A plaintiff can do that by offering "governmental reports documenting constitutional deficient or misconduct," *Felix v. City of New York*, 344 F. Supp. 3d 644, 658 (S.D.N.Y. 2018), or by "citing to complaints in other cases that contain similar allegations." *Gaston v. Ruiz*, No. 17-CV-1252 (NGG), 2018 WL 3336448, at *6 (E.D.N.Y. July 6, 2018). Here, Plaintiff points to no additional incidents or acts that suggest or reveal a "widespread" custom or practice. He fails to identify reports or other, similar complaints. Though a plaintiff is not required to identify a "set number of incidents" under this theory of municipal liability, a plaintiff cannot rely only on isolated incidents or conclusory language. *McLennon*, 171 F. Supp. 3d at 95. In the present case, Plaintiff does just that—he fails to make out a "widespread practice" with these allegations. *See also Triano*, 895 F. Supp. 2d at 535–37 (holding that "mere allegations of a municipal custom or practice of tolerating official misconduct are insufficient to demonstrate the existence of such a custom unless supported by factual details").

Plaintiff also alleges that the City "expressly and/or impliedly ratified each act of wrongdoing" described in the Complaint. (Compl. ¶ 3.) With this language, Plaintiff seems to gesture at the "ratification theory of municipal action," *Hu v. City of New York*, 927 F.3d 81, 105 (2d Cir. 2019), that is, the theory that a policymaking officer either "ordered or ratified" the subordinates' constitutional violations. *Amnesty Am.*, 361 F.3d at 126; *see also McLennon*, 171 F. Supp. 3d at 97 (discussing the theory of ratification). To prevail on the ratification

theory, a plaintiff "must allege facts suggesting that an officer with final policymaking authority ordered, ratified, or was aware of a subordinate's unconstitutional actions, and consciously chose to ignore them, effectively ratifying the actions." *Hu*, 927 F.3d at 105 (cleaned up). Under this theory, "even a single action by a decisionmaker who possesses final authority to establish municipal policy with respect to the action ordered may deprive the plaintiff of . . . constitutional rights." *Montero*, 890 F.3d at 403 (cleaned up). Here, Plaintiff alleges no such facts. He fails to show *how* a policymaking official expressly or tacitly ratified the officers' misconduct. Plaintiff points to no acts taken by a policymaking official, and nothing in the pleading suggests that a Stamford official approved the fabrication or concealment of evidence or the reliance on Ms. Thomas' false testimony. Thus, relying only on conclusory allegations, Plaintiff fails to plausibly allege a *Monell* claim on the ratification theory. *See El v. City of New York*, No. 14-CV-9055 (GHW), 2015 WL 1873099, at *7 (S.D.N.Y. Apr. 23, 2015) (finding that a "boilerplate" statement that defendants ratified an unconstitutional policy was insufficient to establish liability).

In his opposition to the City's motion to dismiss, Plaintiff also suggests that he has made out a claim of deliberate indifference, the fourth type of *Monell* claim. (Pl. Opp. at 2.) He contends that he has shown deliberate indifference by alleging that police officers "knowingly" relied on false testimony. (*Id.*) When it comes to a claim of deliberate indifference, "the operative inquiry is whether the facts suggest that the [supervisor's] inaction was the result of a conscious choice." *Amnesty Am.*, 361 F.3d at 128 (cleaned up). A municipality may be liable under this theory if it was aware of the unconstitutional acts and "consciously chose to ignore them[.]" *Id.* at 126; *see also Melendez v. City of New Haven*, No. 13-CV-860 (RNC), 2013 WL 6859941, at *3 (D. Conn. Dec. 30, 2013). A plaintiff can base a

deliberate indifference claim "upon a failure to train or a failure to supervise or discipline." *Buari v. City of New York*, 530 F. Supp. 3d 356, 399 (S.D.N.Y. 2021) (citing *Amnesty Am.*, 361 F.3d at 127). Plaintiff does not expressly base his claim upon either theory, so the Court will analyze both. *See Buari*, 530 F. Supp. 3d at 399.

Under the first theory, a municipality may incur liability "when city policymakers are on actual or constructive notice that a particular omission in their training program causes city employees to violate citizens' constitutional rights[.]" *Connick v. Thompson*, 563 U.S. 51, 61 (2011). Moreover, a plaintiff must identify a "specific deficiency in the city's training program," among other requirements. *Amnesty Am.*, 361 F.3d at 129; *Wray*, 490 F.3d at 196; *Buari*, 530 F. Supp. 3d at 400 ("[A]fter *Twombly* and *Iqbal*, courts generally require that a plaintiff 'provide more than a simple recitation of their theory of liability, even if that theory is based on a failure to train.'" (citing *Tieman v. City of Newburgh*, No. 13-CV-4178 (KMK), 2015 WL 1379652, at *22 (S.D.N.Y. Mar. 26, 2015))). Here, Plaintiff does not identify any "specific deficiency" in Stamford's police training program. Because Plaintiff simply uses the words "deliberate indifference" as though they were talismanic incantations, the allegations in the Complaint cannot survive under this theory. *See also Adams v. City of New Haven*, No. 14-CV-00778 (JAM), 2015 WL 1566177, at *4 (D. Conn. Apr. 8, 2015) ("A failure-to-train claim is properly dismissed where the complaint lacks enough factual material for the court to reasonably infer that the police misconduct alleged was the result of anything other than the individual acts of the arresting officers." (cleaned up)).

Under the second theory, a plaintiff establishes deliberate indifference when "the need for more or better supervision to protect against constitutional violations was obvious." *Vann v. City of New York*, 72 F.3d 1040, 1049 (2d Cir. 1995) (citing *City of Canton v. Harris*, 489

U.S. 378, 390 (1989)). A plaintiff may plead "(1) that there was a pattern of allegations or complaints about similar unconstitutional activity and (2) that the municipality *consistently failed to investigate* those allegations" or "(1) that there was a pattern of actual similar constitutional violations and (2) the municipality *consistently failed to discipline* those involved." *Pettiford v. City of Yonkers*, No. 14-CV-6271 (JCM), 2021 WL 2556172, at *9 (S.D.N.Y. June 21, 2021) (citing *Tieman*, 2015 WL 1379652, at *21). In the Complaint, Plaintiff states that Ms. Thomas "repeatedly lied" to the City's police officers "in the past." (Compl. ¶ 11.) But this allegation alone constitutes neither a "pattern of allegations or complaints" nor a "pattern of actual similar constitutional violations." Plaintiff does not point the Court towards specific allegations, complaints, or constitutional violations similar to his own. Indeed, he dooms his claim by failing to make "*specific factual allegations* regarding any failures to investigate complaints or discipline officers involved[.]" *Taranto v. Putnam Cnty.*, No. 21-CV-2455 (KMK), 2023 WL 6318280, at *20 (S.D.N.Y. Sept. 23, 2023) (emphasis added); *see also Vasquez v. City of New York*, No. 20-CV-4641 (ER), 2023 WL 8551715, at *6 (S.D.N.Y. Dec. 11, 2023) ("[The plaintiff] fails to sufficiently plead either method for establishing failure to supervise because he has not shown a pattern of allegations or violations."); *Jenkins v. City of Hartford*, No. 22-CV-01289 (KAD), 2024 WL 1157342, at *7 (D. Conn. Mar. 18, 2024). For these reasons, Plaintiff does not establish deliberate indifference, a "stringent standard of fault[.]" *Connick*, 563 U.S. at 61; *see Jenkins v. City of New York*, 478 F.3d 76, 95 (2d Cir. 2007) ("Jenkins' personal experience, without more, is insufficient to prove 'deliberate indifference' on the part of the City.").

In sum, Plaintiff does not establish that an official custom, policy, or practice caused the wrongdoing described in the Complaint. *See Monell*, 436 U.S. at 691. The Court cannot

infer from the pleading that such a policy plausibly exists, as a plaintiff bringing a *Monell* claim cannot prevail at the pleadings stage without alleging facts tending to support the existence of that policy. *Montero*, 890 F.3d at 403. Because the Court reaches this conclusion, it need not analyze the second and third prongs of a *Monell* claim: causation, and the deprivation of a constitutional right. *See Wray*, 490 F.3d at 195.

Finally, the Court notes that equivocal and ambiguous language pervades the Complaint. For instance, Plaintiff states that "defendants relied on the know [sic] false testimony of complaining witness . . . who had repeatedly lied to the defendant Stamford Police Department in the past concerning allegations against the plaintiff herein, and/or the defendants wrongfully fabricated inculpatory evidence against plaintiff, . . . and/or wrongfully concealed from the plaintiff exculpatory evidence[.]" (Compl. ¶ 11.) Courts disfavor allegations in the disjunctive. *See*, *e.g.*, *Gavish v. Revlon, Inc.*, No. 00-CV-7291 (SHS), 2004 WL 2210269, at *13 (S.D.N.Y. Sept. 30, 2004) ("[T]he complaint's use of the disjunctive 'or' greatly diminishes its probative value."). Thus, even if the claim succeeded under *Monell*, the Court might dismiss it for a lack of specificity. *See Van Eck v. Cimahosky*, 329 F. Supp. 2d 265, 270 (D. Conn. 2004) (noting that "the present [c]omplaint is disjunctive and often vague," and, had the plaintiff not been *pro se*, "might possibly be dismissed for a failure of specificity").

## IV.  <u>CONCLUSION</u>

For these reasons, the Court **grants** the City's motion to dismiss (ECF No. 22). Plaintiff may file a motion for leave to replead his claims against the City with a copy of his proposed Amended Complaint within **fourteen (14)** days of this Order.

**SO ORDERED.**

Hartford, Connecticut
December 4, 2024

/s/Vernon D. Oliver
VERNON D. OLIVER
United States District Judge