UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

```
------------------------------------------------------------------ x
SAMUEL WILKINS,                                :
                                               :
                           Plaintiff,          :    MEMORANDUM &
                                               :    ORDER GRANTING IN
        -against-                              :    PART AND DENYING IN
                                               :    PART MOTION TO
CITY OF STAMFORD, et al.,                      :    AMEND
                                               :
                           Defendants.         :    3:24-CV-0556 (VDO)
------------------------------------------------------------------ x
```

**VERNON D. OLIVER**, United States District Judge:

Plaintiff Samuel Wilkens brings a claim of malicious prosecution under 42 U.S.C. § 1983 against the City of Stamford (the "City"), Stamford Police Department, Police Officer Costello, Police Officer Presti, Police Officer Canning, and Sergeant Petrizzi. On December 4, 2024, in an order dismissing Plaintiff's claim against the City, the Court allowed Plaintiff to replead his claim against the City.

For the following reasons, the Court now **grants in part** and **denies in part** Plaintiff's motion to amend the complaint.

**I.    BACKGROUND**

The Court assumes familiarity with Plaintiff's Complaint (Compl., ECF No. 1) and summarizes only the facts relevant to the pending motion. In March 2017, Plaintiff's then girlfriend attacked him and injured herself. (Compl. ¶ 8.) She had made false accusations against Plaintiff to Defendant Stamford Police Department in the past. (*Id.* ¶ 11.) Plaintiff was later arrested and charged with criminal mischief or assault. (*Id*. ¶ 9.) During the prosecution, Defendants fabricated inculpatory evidence and/or concealed exculpatory evidence. The criminal case against Plaintiff was dismissed in 2021. (*Id.*)

Plaintiff filed this action on April 2, 2024. (*See* Compl.) On December 4, 2024, the Court granted the City's motion to dismiss, concluding that Plaintiff had not made out a *prima facie* case for municipal liability under 42 U.S.C. § 1983. (Dismissal Order, ECF No. 30, at 3.) Plaintiff failed to allege facts suggesting that the City had an unconstitutional formal policy, just as he failed to identify any municipal official's actions that might create an unconstitutional policy. (*Id*. at 4–5 (citing *McLennon v. City of New York*, 171 F. Supp. 3d 69, 94 (E.D.N.Y. 2016).) Plaintiff also failed to show a practice "so persistent and widespread" that it becomes a custom known to policymakers (Dismissal Order at 5–6), and he failed to show deliberate indifference, under either the failure-to-train theory or the failure-to-supervise theory (*id*. at 7–9). Despite these deficiencies, as well as the "equivocal and ambiguous language" pervading the Complaint, the Court allowed Plaintiff to move for leave to replead his claim against the City. (*Id*. at 10.)

Plaintiff now proposes the following amendments to his Complaint:

- "The defendants . . . had prior dealing [sic] with Deasha Thomas, knew she had a reputation for dishonesty, and also knew that she was an Emotionally Disturbed Person (EDP)." (Proposed Complaint, ECF No. 32-2, ¶ 8.)

- "From on or about 3-17-2017 up to and including on or about July 2021, defendant The City of Stamford and/or defendant Stamford Police Department failed to train defendant individual police officer herein, in how to deal with EDPs, and this prevailing and widespread custom and usage, and deliberate and wanton and oppressive indifference and animus to plaintiffs' [sic] constitutional rights, causally resulted in the herein below described denial of plaintiff's loss of liberty and inter alia, denial of his constitutional rights herein." (*Id*. ¶ 10.)

- "The malicious prosecution of the plaintiff by defendants, and each of them, was part and parcel, of an unconstitutional municipality implemented plan, decision, custom and/or long standing usage, in one or more of the following ways, in that (a) they hid and/or attempted to destroy photos of plaintiff's injuries and photos showing Deasha Thomas was not injured, in order to fabricate false, inculpatory evidence against the plaintiff; (b) they hid and or attempted to destroy photos showing that plaintiff's motor vehicle was in fact damaged by Deasha Thomas, to create a false, criminal case against the plaintiff; (c) they knew and covered up, willfully, their, [sic] defendants, prior knowledge of Deasha Thomas' bipolar schizophrenia medical condition, in order to bring a false domestic violence charges against the plaintiff; (d) they illegally, unlawfully, and excessively detained plaintiff in a padded room at a nearby hospital, following his on or about 3-7-2017 arrest, although no judicial determination of incompetency was ever made pertaining to or against plaintiff." (*Id.* ¶ 12.)

On December 27, 2024, Defendants opposed the motion to amend. (Opp., ECF No. 36.) Plaintiff filed a reply on January 3, 2025. (Reply, ECF No. 41.)

## II.     LEGAL STANDARD

Federal Rule of Civil Procedure 15(a) governs amendments to pleadings before trial. Rule 15(a)(1) allows a party to amend its pleading once as a matter of course, and Rule 15(a)(2) states that "[i]n all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Rule 15(a)(2) further provides that "[t]he court should freely give leave when justice so requires."

Rule 15(a)(2) is a "liberal" and "permissive" standard, and "the only 'grounds on which denial of leave to amend has long been held proper' are upon a showing of 'undue delay, bad

faith, dilatory motive, [or] futility.'" *Sacerdote v. N.Y. Univ.*, 9 F.4th 95, 115 (2d Cir. 2021) (alteration in original) (quoting *Lorely Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec., LLC*, 797 F.3d 160, 190 (2d Cir. 2015)). Though "mere delay" does not empower a court to deny a motion to amend, *Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008), a court may deny a motion "made after an inordinate delay" if "no satisfactory explanation is offered for the delay, and the amendment would prejudice the defendant." *Cresswell v. Sullivan & Cromwell*, 922 F.2d 60, 72 (2d Cir. 1990).

"The party opposing a motion to amend bears the burden of establishing that amendment would be futile." *Brach Fam. Found., Inc. v. AXA Equitable Life Ins. Co.*, No. 16-CV-740 (JMF), 2018 WL 1274238, at *1 (S.D.N.Y. Mar. 9, 2018). "An amendment to a pleading is futile if the proposed claim could not withstand a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6)." *Lucente v. Int'l Bus. Machs. Corp.*, 310 F.3d 243, 258 (2d Cir. 2002). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). Accordingly, "a proposed claim is futile if, accepting the facts alleged by the party seeking amendment as true and construing them in the light most favorable to that party, it does not 'plausibly give rise to an entitlement to relief.'" *Brach Fam. Found., Inc.*, 2018 WL 1274238, at *1 (quoting *Iqbal*, 556 U.S. at 679).

If, however, "the underlying facts or circumstances relied upon by a plaintiff *may* be a proper subject of relief," the plaintiff "ought to be afforded an opportunity to test his claim on the merits." *United States v. Cont'l Ill. Nat'l Bank & Tr. Co. of Chi.*, 889 F.2d 1248, 1254 (2d Cir. 1989) (emphasis added) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Therefore, the Court "should dismiss claims for futility 'only where it is beyond doubt that the plaintiff

4

can prove no set of facts in support of his amended claims.'" *Richard Mfg. Co. v. Richard*, 513 F. Supp. 3d 261, 290 (D. Conn. 2021) (citing *Pangburn v. Culbertson*, 200 F.3d 65, 70–71 (2d Cir. 1999)).

### III.   DISCUSSION

Though Plaintiff files no brief or memorandum[1] in support of his motion, he appears to move to amend his complaint for two reasons: first, to cure the deficiencies in his *Monell* claim that the Court identified in its Dismissal Order; second, to plead additional facts related to the malicious prosecution claim brought against all Defendants. The Court addresses each issue in turn.

####   A.   *Monell* Claim

As the Court explained in its Dismissal Order, a plaintiff who brings a *Monell* claim must establish "(1) an official policy or custom that (2) causes the plaintiff to be subjected to (3) a denial of a constitutional right." *Wray v. City of New York*, 490 F.3d 189, 195 (2d Cir. 2007). A plaintiff satisfies the first element by showing one of the following: "(1) a formal policy officially endorsed by the municipality; (2) actions or decisions made by municipal officials with decision-making authority; (3) a practice so persistent and widespread that it constitutes a custom of which policymakers must have been aware; or (4) a failure by policymakers to properly train or supervise their subordinates, such that the policymakers exercised 'deliberate indifference' to the rights of the plaintiff and others encountering those subordinates." *McLennon*, 171 F. Supp. 3d at 94 (collecting cases).

---

[1] The District's Local Rules provide that "[a]ny motion involving disputed issues of law shall be accompanied by a memorandum of law[.]" D. Conn. L. Civ. R. 7(a)1. Failure to file a memorandum as required "may be deemed sufficient cause to deny the motion." *Id*. The Court declines to deny the motion on this basis, and it notes that Plaintiff has filed a reply memorandum.

In his proposed amended complaint, Plaintiff fails to show a formal policy, "officially promulgated" by the City. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690–91 (1978). The Second Circuit has held that a *Monell* policy "will ordinarily be the result of a conscious choice" by the municipality. *Vives v. City of New York*, 524 F.3d 346, 352 (2d Cir. 2008). Here, nothing in the proposed pleading supports a circumstantial inference that the City had an unconstitutional formal policy. Plaintiff's encounters with police officers in 2017 do not show that the City made a "conscious choice" to adopt a formal policy. *See Pal v. Cipolla*, No. 18-CV-616 (MPS), 2019 WL 2930008, at *4 (D. Conn. July 8, 2019). In the same vein, Plaintiff has not pointed to an act by a municipal employee with final policymaking authority. *See Newton v. City of New York*, 566 F. Supp. 2d 256, 270 (S.D.N.Y. 2008).

Plaintiff also fails to allege a "custom," another means of establishing *Monell* liability. Indeed, a practice that "was so persistent or widespread as to constitute a custom or usage with the force of law" may trigger municipal liability. *Green v. Dep't of Educ. of New York*, 16 F.4th 1070, 1077 (2d Cir. 2021) (quoting *Littlejohn v. City of New York*, 795 F.3d 297, 315 (2d Cir. 2015)). In the proposed amended complaint, Plaintiff includes no facts that show a pattern of similar behavior by the Stamford Police Department. He does not suggest that the Stamford Police Department has fabricated or hidden evidence in other prosecutions. His conclusory use of the word "custom" in the proposed amended complaint does not meet the pleading standard in the Second Circuit. *See Pal*, 2019 WL 2930008, at *5 (finding that a plaintiff who made conclusory allegations "based on isolated incidents" did not establish a "custom" for the purposes of *Monell*).

Finally, Plaintiff fails to make out a *Monell* claim under either a failure-to-train or a failure-to-supervise theory. Under the failure-to-train theory, a municipality may be liable

when city policy makers were on "on actual or constructive notice that a particular omission in their training program causes city employees to violate citizens' constitutional rights." *Connick v. Thompson,* 563 U.S. 51, 62 (2011). Plaintiffs can show notice by pointing to a "pattern of similar violations," but "in a narrow range of circumstances," a plaintiff may not need to show a pattern of similar violations. *Id.* at 63 (cleaned up). When "the need for more or different training is so obvious, and the inadequacy so likely to result in the violation of constitutional rights," then a court may conclude that municipal policy makers exhibited deliberate indifference. *City of Canton v. Harris,* 489 U.S. 388, 390 (1989). The constitutional deprivation must be a "highly predictable consequence" of the failure to train. *Connick*, 563 U.S. at 64 (quoting *Board of Comm'rs of Bryan Cnty. v. Brown*, 520 U.S. 397, 409 (1997)).

Here, Plaintiff alleges that the City did not adequately train officers to deal with "emotionally disturbed persons" ("EDPs"). However, Plaintiff points to no "pattern of similar violations"—for instance, he identifies no other incidents involving the police and EDPs. The Court must therefore ask whether the need for different or more training was "so obvious" and the inadequacy "so likely" to trigger this constitutional deprivation that the policymakers exhibited deliberate indifference. *See Canton*, 489 U.S. at 390. Here, Plaintiff fails to establish that the alleged training deficiency caused his constitutional deprivation. *Alwan v. City of New York,* 311 F. Supp. 3d 570, 579 (E.D.N.Y. 2018) (quoting *Wray v. City of New York*, 490 F.3d 189, 196 (2d Cir. 2007)); *see also Tieman v. City of Newburgh*, No. 13-CV-4178 (KMK), 2015 WL 1379652, at *21 (S.D.N.Y. Mar. 26, 2015) (collecting cases in which courts have require a plaintiff to allege fact "that support an inference that . . . the failure to train caused [the] constitutional injuries" in question). The Court sees no causal relationship between Plaintiff's constitutional deprivation, the malicious prosecution, and the City's alleged failure to teach its

officers to deal with EDPs. Even if the City failed to train its police officers in this way, that failure would not have caused the police officers to fabricate inculpatory evidence or hide exculpatory evidence, the two main factual allegations in the Complaint. Malicious prosecution is not a "highly predictable consequence" of the alleged failure to train. *Connick*, 563 U.S. at 64.

The Court also finds that the proposed amended complaint cannot survive under a failure-to-supervise theory. To trigger municipal liability, a plaintiff must establish "(1) that there was a pattern of allegations or complaints about similar unconstitutional activity and (2) that the municipality *consistently failed to investigate* those allegations" or "(1) that there was a pattern of actual similar constitutional violations and (2) the municipality *consistently failed to discipline* those involved." *Pettiford v. City of Yonkers*, No. 14-CV-6271 (JCM), 2021 WL 2556172, at *9 (S.D.N.Y. June 21, 2021) (citing *Tieman,* 2015 WL 1379652, at *21). Again, Plaintiff does not point to a "pattern of allegations" that the City "consistently failed to investigate," nor does Plaintiff identify a pattern of similar constitutional deprivations, coupled with an absence of discipline. *See Pettiford*, 2021 WL 2556172, at *9.

The Court concludes that the proposed amended complaint could not survive a renewed motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Amendment would therefore be futile. *See Lucente*, 310 F.3d at 258 ("An amendment to a pleading is futile if the proposed claim could not withstand a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6)."). To the extent that Plaintiff seeks to replead his claim against the City, the Court denies the motion.

### B.     Additional Facts

Because Rule 15(a)(2) of the Federal Rules of Civil Procedure establishes a "liberal" standard, the Court will allow Plaintiff to file the amended complaint against the remaining Defendants. In their opposition brief, Defendants do not ask the Court to deny the motion on the grounds of bad faith, undue delay, futility, or undue prejudice. Thus, the Court only briefly addresses each factor in turn.

First, Plaintiff has not acted in bad faith. To the extent that a lack of evidence in support of the amendment suggests bad faith, the Court declines to consider any evidence at this juncture. As to undue delay, the Court cannot conclude that any delay in this case rises to that level. Plaintiff initiated this action in April 2024, about eight months before he filed his motion to amend. Even if Plaintiff learned of the additional facts in the proposed amended complaint several months ago, courts in this Circuit have given leave to amend in similar circumstances. *See Margel v. E.G.L. Gem Lab Ltd.,* No. 04-CV-1514 (PAC) (HBP), 2010 WL 445192, at *10 (S.D.N.Y. Feb. 8, 2010) (giving leave to amend despite delay of at least six months; collecting Second Circuit cases allowing amendments after delays from two to five years). As to futility, the Court cannot conclude that these additional allegations against the remaining Defendants (namely, that police officers detained Plaintiff in a padded cell and/or concealed evidence related to Ms. Thomas' injuries, her mental illness and/or damage to Plaintiff's car) would not survive a Rule 12(b)(6) motion. And as to the fourth factor, undue prejudice, the Court finds that the timing of the amendment will not trigger undue prejudice. *See Roller Bearing Co. of Am., Inc. v. Multicut North Am., Inc.*, No. 18-CV-1212 (SRU), 2020 WL 8083668, at *1 (D. Conn. Oct. 14, 2020) (finding that an amendment did not cause undue prejudice when the discovery deadline "only recently expired and the summary judgment deadline ha[d] not yet

9

passed"). In addition, Plaintiff does not propose an amendment "based on factual circumstances not raised by the original complaint"—such an amendment might trigger additional discovery and delay a trial date. *Frenkel v. N.Y.C. Off-Track Betting Corp.*, 611 F. Supp. 2d 391, 398 n.10 (S.D.N.Y. 2009), *opinion adopted*, 701 F. Supp. 2d 544 (S.D.N.Y. 2010); *see also Amusement Indus., Inc. v. Stern*, No. 07-CV-11586 (LAK), 2014 WL 4460393, at *13 (S.D.N.Y. Sept. 11, 2014) ("'[I]f the amendment substantially changes the theory on which the case has been proceeding and is proposed late enough so that the opponent would be required to engage in significant new preparation, the court may deem it prejudicial.'" (quoting 6 Wright, Miller & Kane Fed. Prac. & Proc. Civ. § 1487 (3d ed. 2014))).

Though Defendants do not argue that bad faith, undue delay, futility, and undue prejudice bar the amendment, they contend that Plaintiff proposes new allegations "for which he knows there is no proof." (Opp. at 4.) Plaintiff counters that he need not, at this stage in the litigation, provide proof: he need only meet *Iqbal*'s plausibility standard. (Reply at 3–4.) Indeed, "[i]t is clear that in moving to amend, a party need not demonstrate sufficient evidence to support a proposed amendment." *Nicolosi v. BRG Sports, Inc.*, Nos. 16-CV-2910 (CLP), 18-CV-1452 (CLP), 2019 WL 5695852, at *6 (E.D.N.Y. Aug. 21, 2019) (citing *HCC, Inc. v. R H & M Mach. Co.*, 39 F. Supp. 2d 317, 324 (S.D.N.Y. 1999) (explaining that "consideration of the evidentiary basis for a proposed claim is inappropriate")). The Court will consider the evidence on a motion for summary judgment, not a motion to amend the complaint.

## IV.  CONCLUSION

For these reasons, the Court **grants in part** and **denies in part** Plaintiff's motion to amend the complaint (ECF No. 32). Because the proposed complaint does not state a claim under *Monell*, the Clerk is directed to terminate the City of Stamford from the docket.

However, the Court will allow Plaintiff to amend his complaint against the remaining Defendants. Plaintiff shall file the amended complaint on the docket by **February 7, 2025**. Should the parties seek referral for a settlement conference, they need only file a notice on the docket.

**SO ORDERED.**

Hartford, Connecticut
January 30, 2025

/s/Vernon D. Oliver
VERNON D. OLIVER
United States District Judge